UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED THOMAS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CHIEF JUDGE BUMB, et al.,<br><br>Defendants. | Civil Action No. 24-1046 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**THIS MATTER** comes before the Court upon Plaintiff Fred Thomas, Jr.'s application to proceed *in forma pauperis* ("IFP"), together with Plaintiff's Complaint against the Honorable Chief Judge Renée Bumb, U.S.D.J., the Honorable Judge Sharon King, U.S.M.J., and the Honorable Judge Elizabeth Pascal, U.S.M.J. (collectively, "Defendants"). (ECF Nos. 1, 1-2). As the lawsuit names a United States District Court Judge and two United States Magistrate Judges, the Court will screen the complaint pursuant to Local Civil Rule 40.1(g) to determine if "the suit is patently frivolous or judicial immunity plainly applies." For the reasons explained below, Plaintiff's Complaint is **DISMISSED** with prejudice, and Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice.

I.    **BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to Local Civil Rule 40.1(g) and 28 U.S.C. § 1915(e)(2).[1] Plaintiff alleges that he has two lawsuits pending in the District of New Jersey,

---

[1] While the Court is to interpret allegations in a *pro se* Plaintiff's complaint liberally, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), the Court need not accept all allegations as true, including those that lack all plausibility or believability. *See Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009) (noting that the Court "need not credit

Camden Vicinage, *Thomas v. Byrd*, and *Thomas v. Weiss*. (Compl., ECF No.1 at *3.)[2] Plaintiff appears to contend that there has been a "complete dereliction of duty" based on "unnecessary delays" in his two cases.[3] (*Id.*) For instance, Plaintiff points to a three (3) month delay in one of his matters. (*Id.*)[4] Plaintiff alleges he suffered "[p]sychological" damages due to the conduct by the judges. (*Id.* at *4.) Plaintiff seeks the Court to keep both of his above-mentioned cases open and appoint pro bono counsel in those matters. (*Id.*)

## II.   LEGAL STANDARD

### A. Local Civil Rule 40.1(g)

Pursuant to Local Civil Rule 40.1(g), a lawsuit filed against a Judge "shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station." Local Civ. R. 40.1(g). The Rule provides that "if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse." (*Id.*) However, "in all other cases, the assignee Judge is

---

bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." (citations and quotation marks omitted)).

[2] The Court refers to page numbers in the Complaint by ECF header and denotes such reference with an asterisk.

[3] The Court notes that the allegations and any causes of action in the Complaint are difficult to discern. At times, the Complaint delves into unnecessary and unrelated frolics, describing the Plaintiff's religious and political views.

[4] Plaintiff did not provide the docket sheets of the two above-mentioned cases. However, based on the Court's own search and review of the dockets, *Thomas v. Byrd*, (21-14577), was dismissed with prejudice on December 14, 2023. (*See* ECF No. 77, 21-14577.) The Clerk of Court mailed the Order to Plaintiff on the date it was issued, but Plaintiff claims, in a letter filed on February 8, 2024, that he did not receive the Order due to being imprisoned at the time. (*See* ECF No. 78, 21-14577.) In this same letter, Plaintiff complains about the denial of his motions and delays in scheduling. (*See id.*)

The second action mentioned in Plaintiff's Complaint, *Thomas v. Weiss*, (21-14554), remains open and pending before Judges Bumb and Pascal. The Court administratively terminated a motion for summary judgment by the defendants and Plaintiff's Motion for Discovery pending receipt of video exhibits from the defendants that were previously submitted but unviewable due to technical difficulties. (*See* ECF No. 91, 21-14554.)

disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey." (*Id.*)

### B. *In Forma Pauperis*

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*, which allows the plaintiff to bring a civil suit without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)); *West v. Cap. Police*, No. 23-1006, 2023 WL 4087093, at *2 (D.N.J. June 20, 2023) ("Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.").

Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting § 1915(a)). In screening a complaint under § 1915(e), the Court may dismiss the complaint *sua sponte* "if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief." *Id.* at *1. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a

3

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### III.  DISCUSSION

#### A.  Judicial Immunity

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *see Capogrosso v. The Supreme Ct. of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006))). This "very broad immunity," known as judicial immunity, applies even if "'the action [the judge] took was in error, was done maliciously, or was in excess of [the judge's] authority . . .'" *Lee v. Gallina-Mecca*, No. 21-20197, 2022 WL 4354724, at *5 (D.N.J. Sept. 19, 2022), *aff'd*, No. 22-2871, 2023 WL 5814783 (3d Cir. Sept. 8, 2023) (quoting *Stump*, 435 U.S. at 356–57). The immunity applies to the entire "suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

This doctrine can be "overcome in only two sets of circumstances." *Id.* The two exceptions to judicial immunity are for "nonjudicial acts . . . not taken in the judge's judicial capacity" or when an action "though judicial in nature [is] taken in the complete absence of all jurisdiction." *Id.* In deciding whether an act is "judicial," a court looks at "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

In the case at bar, Plaintiff's allegations against Judges Bumb, King, and Pascal relate to their handling of the *Byrd* and *Weiss* actions. It appears Plaintiff complains about "a complete

dereliction of duty" in the handling of these two matters, including alleged "unnecessary delays." (Compl. at *3.) Plaintiff, however, fails to plead any facts demonstrating the conduct for which he complains was non-judicial or taken in the absence of jurisdiction. In fact, Plaintiff points the Court to the dockets in these two matters and invites the Court to review them, implying that Defendants unlawful behavior stems from and can be ascertained from their judicial conduct. (*See e.g.*, *id.* at *2, 3.) Any cognizable allegations by Plaintiff plainly concern judicial conduct and taken pursuant to their roles as judicial officers. As such, Plaintiff's claims against Judges Bumb, King, and Pascal will be dismissed with prejudice.

### B.   Review of IFP Application

The Court denies without prejudice Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-2.) Apart from a signature and the date, Plaintiff entered zeroes or crossed out every single box in his IFP application. (*See id.*) For example, Plaintiff lists that he has no cash, no bank accounts, no assets, and no expenses.[5] (*Id.*) Plaintiff noted that he was currently homeless as the reason for why he cannot pay the filing fee associated with this suit, but he also lists a home address on the front page of his Complaint. (*Compare id.* with Compl. at *1.) Plaintiff also states that he has already spent $1,800 on legal fees for this matter but fails to provide any explanation for how he procured this money. (*See* ECF No. 1-2 at *5.)

Plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)). Plaintiff's IFP application "does not include sufficient

---

[5] Plaintiff's IFP application resembles those submitted by individuals in prison. *See Bey v. Hillside Twp. Mun. Ct.*, No. 11-7343, 2012 WL 714575, at *1 (D.N.J. Mar. 5, 2012). However, Plaintiff does not appear currently imprisoned, as the address provided by Plaintiff denotes an address for a public home.

5

information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees" or to "determine Plaintiff's financial status." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023) (denying IFP application without prejudice where Plaintiff did "not provide any sources of income," "list prior employment history over the last two years or, in the alternative, clearly state that he has been continuously unemployment over that period," "estimate . . . his cash assets or the amount of money that he has in bank accounts . . . [or] monthly expenses"). Plaintiff's application provides none of these required details, and the Court therefore denies the application to proceed *in forma pauperis* without prejudice.[6]

---

[6] Notwithstanding that Judges Bumb, King, and Pascal are entitled to judicial immunity, the Court also notes that the Complaint would be dismissed under the Court's *sua sponte* IFP screening under Section 1915(a). Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Fed. R. Civ. P. 8. The Rule requires a Complaint to have: "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction;" "a short and plain statement of the claim showing that the pleader is entitled to relief;" and "a demand for the relief sought;" and "allegations [that are] simple, concise, and direct." Fed. R. Civ. P. 8(a),(d). These requirements apply to pro se litigants in order to provide defendants with notice of the claims against them. *Archie*, 2023 WL 5207833, at *2 (citations omitted).

Plaintiff's spartan Complaint in the case at bar fails to adhere to Rule 8. The Complaint contains specious facts that reference "delays" by Defendants overseeing his case, but Plaintiff fails to show how the conduct constitutes a violation of the Constitution or any statute. Plaintiff does not make clear each Defendant's involvement, nor cite any claims under which he brings suit, let alone whether any elements of his claims are satisfied. Indeed, under "Basis for Jurisdiction" in his Complaint, Plaintiff seeks the Court to "go over [the] docket of [the] case[s] . . . [and] I'm sure you will let me know constitution[al][,] statutory or treaty" provisions that Defendants allegedly violated. (Compl. at * 2.) In addition, on page two (2) of his Complaint, Plaintiff checks the box for "U.S. Government Defendant," while on his civil cover sheet alleges "Federal Question" jurisdiction based on a "Civil Rights Violation." (*Compare id.* at *2 *with* ECF No. 1-1.) Plaintiff's mere conclusory statements about delay fail to give "defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Smith v. Borow*, No. 19-8553, 2022 WL 1519222, at *3 (D.N.J. May 13, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** with prejudice, and his application to proceed *in forma pauperis* is **DENIED** without prejudice. An appropriate Order will accompany this Opinion.

                                                                                    **ROBERT KIRSCH**
                                                                                    **UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: February 27, 2024